# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SPENCER C. YOUNG,

    Plaintiff,

v.                                                  Case No: 8:15-cv-2642-T-30TGW

PAM BONDI, KEN BURKE, BOB DILLINGER, JONATHAN DUNCAN, PHILIP J. FEDERICO, BOB GUALTIERI, BERNIE MCCABE, J. THOMAS MCGRADY, JANE MCNEILL, FRANK QUESADA, RICK SCOTT, KIMBERLY TODD, BRIAN AUS, WILLIAM BREEZE, LAWRENCE CAMPBELL, KELLY GAUGER, ANTOINETTE HILLIARD, ORLANDO HUDSON, DAVID Q. LABARRE, JANET LENNON, JOSE LOPEZ, KIMBERLY LOTT, DANIEL MEIER, BEVERLY E. PERDUE, A. LEON STANBACK and MORRIS RAY TAYLOR,

    Defendants.

## **ORDER OF DISMISSAL**

Before the Court is *Pro Se* Plaintiff Spencer C. Young's complaint (Dkt. #1). Upon review of the complaint, the Court determines that this case must be dismissed as frivolous. This case is also subject to dismissal because the complaint fails to comply with basic rules of federal procedure and Plaintiff failed to pay a filing fee.

The complaint purports to allege civil rights violations caused by numerous Defendants (as delineated in the style of this case) related to Defendant Judge David Q. LaBarre's and his girlfriend's alleged actions of stealing Plaintiff's "valuable" paintings and other property. Although, on its face, the complaint looks organized, it mostly consists of Plaintiff's stream of consciousness thoughts describing numerous injustices that Plaintiff has suffered as a result of the various Defendants' actions or inactions. It is entirely unclear what legal claims are actually pled; it is equally unclear what facts relate to any legal claims because the legal claims (17 in total) are merely listed in section IV of the complaint without any further detail. In sum, the complaint, on its face, appears utterly frivolous. The complaint fails to plead any claim that would entitle Plaintiff to relief under the law.

Notably, "[w]hile the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.,* 399 F. App'x 563, 565 (11th Cir. 2010). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The complaint also does not comply with these basic pleading rules.

The complaint is also a shotgun pleading. Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for

2

relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit. *See, e .g., Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints ... [ ] would know that many of the facts alleged could not possibly be material to all the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

Finally, Plaintiff failed to pay a filing fee.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. This cause is dismissed without prejudice for all the reasons stated herein.

2. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of November, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-2642 dismissal.docx

3