UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPENCER C. YOUNG,

    Plaintiff,

v.                                            Case No: 8:15-cv-2642-T-30TGW

PAM BONDI, KEN BURKE, BOB
DILLINGER, JONATHAN DUNCAN,
PHILIP J. FEDERICO, BOB
GUALTIERI, BERNIE MCCABE, J.
THOMAS MCGRADY, JANE
MCNEILL, FRANK QUESADA, RICK
SCOTT, KIMBERLY TODD, BRIAN
AUS, WILLIAM BREEZE, LAWRENCE
CAMPBELL, KELLY GAUGER,
ANTOINETTE HILLIARD, ORLANDO
HUDSON, DAVID Q. LABARRE,
JANET LENNON, JOSE LOPEZ,
KIMBERLY LOTT, DANIEL MEIER,
BEVERLY E. PERDUE, A. LEON
STANBACK and MORRIS RAY
TAYLOR,

    Defendants.

## AMENDED ORDER OF DISMISSAL

Before the Court is *Pro Se* Plaintiff Spencer C. Young's amended complaint (Dkt. #3). Upon review of the amended complaint, the Court determines that this case must be dismissed as frivolous. This case is also subject to dismissal because the amended complaint fails to comply with basic rules of federal procedure.

The amended complaint purports to allege civil rights violations caused by numerous Defendants (as delineated in the style of this case) related to Defendant Judge David Q. LaBarre's and his girlfriend's alleged actions of stealing Plaintiff's "valuable" paintings and other property. Although, on its face, the amended complaint looks organized, it mostly consists of Plaintiff's stream of consciousness thoughts describing numerous injustices that Plaintiff has suffered as a result of the various Defendants' actions or inactions. It is entirely unclear what legal claims are actually pled; it is equally unclear what facts relate to any legal claims because the legal claims (17 in total) are merely listed in section IV of the amended complaint without any further detail. In sum, the amended complaint, on its face, is utterly frivolous. The amended complaint fails to plead any claim that would entitle Plaintiff to relief under the law.

Notably, "[w]hile the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.,* 399 F. App'x 563, 565 (11th Cir. 2010). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The amended complaint also does not comply with these basic pleading rules.

The amended complaint is also a shotgun pleading. Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which

claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cnty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit. *See, e .g., Pelletier v. Zweifel,* 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints ... [ ] would know that many of the facts alleged could not possibly be material to all the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

It is therefore **ORDERED AND ADJUDGED** as follows:

1. This cause is dismissed without prejudice for all the reasons stated herein.
2. The Clerk is directed to close this case.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2015\15-cv-2642 dismissal.docx